Stefan H. Black, SBN 284499
sblack@fordharrison.com
Shanda Y. Lowe, SBN 278602
slowe@fordharrison.com
**FORD& HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Tel:  (213) 237-2400
Fax: (213) 237-2401

Attorneys for Defendant
WALMART INC., erroneously
 sued as WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA CHAVEZ-TREJO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC. and DOES 1-20, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:20-cv-1923<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>Action Filed:　　February 7, 2020<br>Date of Removal: March 18, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Walmart Inc., erroneously sued as Wal-Mart Stores, Inc. ("***Walmart***") files this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**I.　INTRODUCTION**

　　1.　Plaintiff Monica Chavez-Trejo ("***Plaintiff***") filed a complaint on February 7, 2020, in the Superior Court of California, County of Santa Clara, titled "*Monica Chavez-Trejo v. Wal-Mart Stores, Inc. & Does 1-20*," Case No. 20CV363175 (the "***State Court Action***").  (Declaration of Stefan H. Black ("***Black Decl.***") ¶¶ 4-5, Ex. A)

-1-

NOTICE OF REMOVAL
CASE NO.

2. On March 17, 2020, Walmart also filed an Answer in the State Court Action. (Black Decl. ¶ 6, Ex. B.)

3. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served upon or filed by Walmart in this action are attached to the Declaration of Stefan H. Black as **Exhibits A and B**. (Black Decl. ¶¶ 4-7, Exs. A and B.)

## II. NATURE OF THE SUIT

4. The Complaint filed in the State Court Action alleges ten counts of penalties for the late payment of wages in violation of Cal. Labor Code 203.

## III. BASIS FOR REMOVAL: DIVERSITY

5. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a). "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. §1441(a). Therefore, a state court action may be removed if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Each of these requirements is met in this case.

### A. Complete Diversity of Citizenship

6. Plaintiff resides in California. "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)). In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California. Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

7. "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

8. Walmart is incorporated under the laws of the State of Delaware.

(Black Decl. ¶ 8; Compl. ¶ 1.) Walmart's principal place of business is in Arkansas. (Black Decl. ¶¶ 9-10, Ex. C.) Accordingly, Walmart is a citizen of Delaware and Arkansas for diversity purposes.

9. Because Plaintiff is a citizen of California and Walmart is a citizen of Delaware and Arkansas, complete diversity exists between the parties.

**B.   Amount in Controversy Exceeds $75,000**

10. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

11. While Walmart denies any liability to Plaintiff whatsoever, Walmart asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000.

12. Plaintiff began working at Walmart on or around September 14, 2017. (Compl. ¶ 4.) Plaintiff alleges that after she became disabled due to a work-related injury on or about November 25, 2017, Walmart overly scrutinized her job performance and failed to engage in the interactive process with Plaintiff regarding her requests for accommodations. (Compl. ¶¶ 9-11, 30.) Plaintiff further alleges that on February 7, 2018, Walmart unlawfully terminated her employment because of her physical disability and requests for accommodation. (Compl. ¶¶ 11.)

13. By this lawsuit, Plaintiff seeks general and special damages, lost earnings, civil and statutory penalties, declaratory and injunctive relief, attorneys' fees and costs, prejudgment interest, and such other relief as the court finds proper. (Compl. at Prayer for Relief.)

14. Plaintiff's hourly rate was $13.50. Accordingly, Walmart anticipates that Plaintiff will seek $35,000-$45,000 in back wages.

15. Plaintiff also seeks to recover future wages. *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (holding that because the plaintiff was 52 years old, he could potentially recover 13 years' of lost wages). Although Walmart denies such relief would be appropriate, even one year of front pay would equal more than $20,000.

16. As such, the amount in controversy with respect to Plaintiff's front pay and back pay claims alone nearly exceeds the jurisdictional amount.

17. Plaintiff is also seeking to recover her attorneys' fees and costs pursuant to California Government Code § 12965(b). (Compl. at Prayer for Relief.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

18. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d

1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

19. Plaintiff also seeks open-ended relief as "such other relief as the Court deems proper." Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.)

20. Walmart denies that Plaintiff's claims have any merit. Walmart also denies that Plaintiff suffered any damages. However, when the relief sought (*i.e.*, back pay, front pay, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

21. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV. THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

11. Pursuant to 28 U.S.C. § 1446(a), Walmart has attached to this notice and the declaration of Stefan H. Black, all pleadings, process, orders, and all other filings in the state court action. (Black Decl. ¶¶ 4-7, Exs. A and B.)

12. Plaintiff delivered a copy of the Complaint and the Summons on Walmart's agent for service of process on February 19, 2020. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

13.    Walmart will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of San Francisco. (*See* Black Decl. ¶ 11, Ex. D.)

14.    As required by 28 U.S.C. §1446(d), Walmart will give notice of this removal to Plaintiff. (Black Decl. ¶ 11, Ex. D.)

## V. VENUE

15.    This action was brought and is pending before the Superior Court of California, San Francisco County.

16.    Santa Clara County, California is located within the Northern District of California. In addition, because the action arises in Santa Clara County, it shall be assigned to the San Jose Division. *See* Civil L.R. 3-2(d).

17.    Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. §1441(a), & 1446(a).

## VI. CONCLUSION

WHEREFORE, Walmart prays that the Court will remove this civil action from the Superior Court of the State of California, Santa Clara County, to the United States District Court for the Northern District of California. By removing the action to this Court, Walmart does not waive any defenses, objections, or motions available to it under state or federal law.

DATED: March 18, 2020

Respectfully submitted,

FORD & HARRISON LLP

By: /s/ Stefan H. Black
Stefan H. Black
Shanda Y. Lowe
WALMART INC., erroneously sued as WAL-MART STORES, INC.

# PROOF OF SERVICE

I, **CURFEW F. WILSON**, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On March 18, 2020, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

| X | (U.S. MAIL) By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
|---|---|
| ☐ | (OVERNIGHT DELIVERY) by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |
| ☐ | (E-MAIL) By transmitting via electronic mail the document(s) listed above to the e-mail address set forth below on this date before 5:00 p.m. |

Fletcher B. Brown, Esq.
Fletcher B. Brown Law Firm
2831 Telegraph Avenue
Oakland, CA 94609
fletcher@fletcherbrown.law
(501) 299-1333

ATTORNEY FOR PLAINTIFF:
Monica Chavez-Trejo

Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 18, 2020, at Los Angeles, California.

_____
CURFEW F. WILSON